## CLARKE vs. McGeihan and others.

Lands which were conveyed by a husband to his wife about the time when he contracted debts for which a judgment was afterwards recovered against him—*held*, to be subject to the judgment, on the ground that the conveyance to the wife was in fraud of creditors.

*Mr. J. B. Vredenburgh*, for complainant.

*Mr. C. H. Winfield*, for defendants.

THE VICE-CHANCELLOR.

The complainant, as surviving partner, recovered a judgment in the Hudson Circuit on the 29th of May, 1873, against the defendant, Patrick McGeihan, for $1090, damages, and $59.75, costs of suit. An execution was duly issued and returned unsatisfied, no property being found whereon to levy. The defendant's wife, Sarah Jane McGeihan, who is also a defendant, became, on the 25th of March, 1871, the grantee of certain real estate in Hudson county, of which her husband had previously held the title. The defendant, her husband, and herself conveyed the lands by deed of the last named date, to one Jesse McLaughlin, who, on the same day, con-

veyed them to the wife. There is no dispute that the transaction was simply to put the title in her. The allegation of the defendants is, that the lands had been purchased with the wife's money, and that though her husband appeared by the papers, to be the absolute owner of the lands, yet, in fact, he held them only as trustee for her. The bill is filed to subject the lands to the payment of the judgment, upon the ground that the conveyance to the wife was without adequate consideration, and designed to hinder and delay the complainant in the collection of his judgment, and therefore, fraudulent and void.

The complainant and two of his clerks or employees, were sworn and examined before me, on the one side, and the defendants, McGeihan and wife, on the other. I have no doubt from the proofs, that as against the complainant, the conveyance to the wife should be decreed to be fraudulent and void. The debts for which the judgment was recovered, were contracted partly before the conveyance and partly after it, and were for goods sold and delivered. The statements of the defendants, on their examination as witnesses, do not divest the conveyance of the manifest badges of fraud that attach to it. The whole appearance and all the circumstances of the transfer, made as it was, so near to the time when the debts were contracted, are of a very suspicious kind. I do not find the testimony of the defendants at all satisfactory, or of a kind to repel the presumption so created. Their testimony, on the contrary, has confirmed the impression and conviction which the several features of the transaction are fitted to produce. It is plain that her husband's money went largely into the purchase of the land, and the correctness of their account as to the accumulation of her moneys in his hands, is more than doubtful.

I consider the case a plain one of fraud, and shall advise a decree in accordance with the prayer of the bill.